J-S15028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KELLY BIESECKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK N. BEISECKER, II, THE | : | No. 2905 EDA 2023 |
| ESTATES OF JAMES W. ARMOUR | : | |
| AND ELIZABETH C. ARMOUR, H/W, | : | |
| AND SCOTT BENDER | : | |

Appeal from the Order Entered November 3, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2021-00858

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 1, 2024**

Appellant Kelly Bisecker appeals from the order sustaining the preliminary objections filed by Frederick N. Biesecker, the Estates of James W. Armour, Jr. and Elizabeth C. Armour, and Scott Bender (collectively, Appellees) and dismissing Appellant's amended complaint with prejudice. Appellant raises multiple issues on appeal. After review, we affirm on the basis of the trial court's opinion.

The trial court summarized the underlying facts of this matter as follows:

> Appellant filed a complaint against Frederick Biesecker, her former husband, the estate[s] of James and Elizabeth Armour, and Scott Bender (hereinafter "Appellees"). The Complaint asserts that Appellant and Appellees intended to form a company for the purpose of purchasing a piece of property owned by the Armours,

_____

* Retired Senior Judge assigned to the Superior Court.

located at 1800 Montgomery Avenue, Villanova, Pennsylvania 19805. As pled in the Complaint, the parties intended to purchase the property so as to protect it from future development. Based upon a discussion between the parties, Appellant believed the intent of the discussion was that each party would own twenty-five percent (25%) of the property, On April 30, 2016, the property was purchased from the Armours by Appellees, without Appellant's knowledge.

Prior to the purchase, Appellees individually entered into an operating agreement with one another in order to form a company that was then used to purchase the property. Appellant was not a part of forming or entering into the operating agreement. On December 2, 2018, the Lower Merion School Board of Directors offered Appellees $2,965,000 for the purchase of the property in its exercise of eminent domain. The property was sold for an unrecorded amount of money and transferred to the Lower Merion School District on February 7, 2019. The Lower Merion School District has plans to use this property for athletic fields for the newly built Black Rock Middle School.

Appellant initiated the instant action against Appellees on January 1, 2022, via [writ of] summons for civil action, with the complaint being filed on January 18, 2023. By stipulation dated April 20, 2023, the parties agreed to allow Appellant to file an amended complaint, so as to allow for a change of caption. An amended complaint was filed on May 15, 2023.

Appellees' preliminary objections were timely filed on June 29, 2023. On July 19, 2023, an Answer to the Preliminary Objections was filed by Appellant, and Appellees filed a Reply on August 10, 2023. The parties appeared before [the c]ourt on October 6, 2023 for Argument on the Preliminary Objections.

Th[e c]ourt sustained the preliminary objections on November 3, 2023, dismissing the complaint.

Trial Ct. Op., 1/16/24, at 1-2.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Did the trial court err by refusing to allow discovery on the issue of whether an oral contract was formed among the Appellant and the Appellees where the factual averments and inferences therefrom adequately alleged an oral contract between Appellant and Appellees?

2. Did the trial court err when it refused to allow discovery on the issue of whether Appellant reasonably believed that her ex-husband, Appellee Frederick N. Biesecker, II, properly documented her ownership interest in the limited liability company in 2016?

3. Did the trial court err by refusing to allow discovery on the issue of whether Appellant's 2017 divorce from Appellee, Frederick N. Biesecker, II, obscured from Appellant the nature of the ownership interests in the Company (as defined herein, *infra*) that were contrary to the Parties' oral contract?

4. Did the trial court err in assuming (based on facts not in evidence) that the statute of limitations on [Appellant's] breach of oral contract claim began to run when the parties entered into their agreement, and not (as alleged in Appellant's Complaint) when the Appellees sold the [Montgomery Avenue] Property and failed to give Appellee her share of the proceeds?

5. Did the trial court err when it failed to consider [Appellant's] argument that parties to an oral agreement can owe fiduciary duties to one another?

6. Did the trial court err by concluding (based on facts not in evidence) that Appellant did not provide consideration in support of her oral contract with Appellees for her ownership interest in the Company (as defined herein, *infra*) where the factual averments and inferences (as well as oral argument) therefrom adequately alleged the existence and sufficiency of consideration?

7. Did the trial court err by failing to consider, misconstruing, or simply disregarding Mr. Armour's affidavit testimony?

Appellant's Brief *at* 4-6 (footnote omitted and formatting altered).

Following our review of the record, the parties' briefs, and the relevant law, we affirm on the basis of the trial court's opinion. **See** Trial Ct. Op., 1/16/24, at 1-8. The trial court addressed Appellant's claims and correctly concluded that she was not entitled to relief. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judge Olson concurs in the result.

Judge Colins concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2024